<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RTI RESTORATION TECHNOLOGIES, INC., et al., <br><br>   *Plaintiffs*, <br><br>v. <br><br>INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, <br><br>   *Defendant*. | Civil Action No. 22-02364 <br><br>**OPINION** <br><br>September 26, 2025 |

**SEMPER**, District Judge.

  The current matter comes before the Court on Plaintiffs Industrial Maintenance Industries LLC ("IMI") and RTI Restoration Technologies, Inc.'s ("RTI") (together "Plaintiffs") motion for attorney's fees and costs. (ECF 71, "Motion" or "Pl. Mot."). Defendant International Painters and Allied Trades Industry Pension Fund (the "Fund" or "Defendant") opposed the motion. (ECF 73, "Opp.") Plaintiffs filed a reply. (ECF 78, "Reply.") The Fund filed a sur-reply. (ECF 81, "Sur-reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for attorney's fees is **DENIED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  This matter arises from Plaintiffs' action for entry of Declaratory Judgment asserting that they are not responsible for Coating Technologies Corp.'s ("CTC") withdrawal liability owed to

the Fund under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").[1] (*See* ECF 1; ECF 60, "Summary Judgment Opinion" or "Op.") The MPPAA requires employers who withdraw from underfunded multiemployer pension plans to pay a "withdrawal liability," whereby an employer is responsible for its allocable share of unfunded vested benefits after withdrawing from a plan. 29 U.S.C. §§ 1381(b), 1391(a).

On December 18, 2023, Plaintiffs and Defendant each moved for summary judgment. (*See* ECF 46, 48.) Plaintiffs sought entry of Declaratory Judgment and dismissal of Defendant's counterclaim that Plaintiffs were responsible for CTC's withdrawal liability owed to the fund as alter egos, successors, single employers or under common control with CTC. (Op. at 2, 6 (citing ECF 46-1, "Pl. MSJ".)) Plaintiffs also argued that the doctrine of laches foreclosed their withdrawal liability. (*See id* at 2 (citing ECF 46-1, Pl. MSJ at 22.) Defendant also moved for summary judgment, arguing that Plaintiffs constituted successor entities liable for CTC's withdrawal liability owed to the Fund. (*See id.* (citing ECF 48-1, "Def. MSJ" at 15.))

The Court found that there were genuine issues of material fact as to whether Plaintiffs were a single integrated enterprise with CTC, successors in interest to CTC, or CTC's alter ego such that they were liable for CTC's withdrawal liability. (Op. at 12-15.) However, the Court granted Plaintiff's motion for summary judgment, dismissing Defendant's counterclaim for withdrawal liability. (*Id.* at 16-18.) While the Court agreed that the Fund's 8-year delay in notifying Plaintiffs of their alleged withdrawal liability was inexcusable, the decision relied on the statutory requirement in 29 U.S.C. § 1399(b)(1) that notice of withdrawal liability assessment and demand of payment be made "as soon as practicable" following the employer's withdrawal. (*Id.* at 16-18.)

---

[1] The Court does not recite the complete factual background or procedural history of this case herein. For a complete recitation of the factual background and procedural history of this case, the Court incorporates by reference Section I of its Summary Judgment Opinion.

2

The Court's decision was based on a recent Third Circuit opinion, *Allied Painting & Decorating, Inc. v. Intl. Painters and Allied Trades Indus. Pension Fund*, 107 F.4th 190 (3d Cir. 2024). *Allied* was published both after the Fund made its initial withdrawal demand on Plaintiffs and after the parties filed their respective motions for summary judgment.[2] (*See* Compl. ¶ 24 (alleging the withdrawal demand was made on July 7, 2021); ECF 46; ECF 48.) At summary judgment, this Court also granted Plaintiff's request for leave to file a motion for attorneys' fees and costs. (Op. at 18-19.)

On October 4, 2024, the Fund appealed the Court's Summary Judgment Opinion and Order (ECF 60; ECF 61). (ECF 64.) On November 21, 2024, the Third Circuit remanded the case for the limited purpose of having the District Court advise whether there are any further substantive issues remaining to be determined in this matter. (ECF 68.) On December 5, 2024, the Court issued an order advising the Court of Appeals for the Third Circuit that there were no further substantive issues remaining for the District Court to determine. (ECF 69.) On December 20, 2024, Plaintiffs moved for an award of attorneys' fees and costs (ECF 71.) On January 6, 2025, the Fund filed an appeal of the Court's December 5, 2024 Order (ECF 69).[3] (ECF 72.) On February 3, 2025, Plaintiffs filed a reply in further support of their motion for an award of attorneys' fees. (ECF 78.) On February 13, 2025, the Fund filed a sur-reply in further opposition to Plaintiffs' motion for an award of attorneys' fees. (ECF 81.)

## II. LEGAL STANDARD

The Fund's claim for withdrawal liability was brought pursuant 29 U.S.C. § 1451. *See* 29 U.S.C. § 1451(a)(1), ERISA § 4301(a)(1). For any action brought under this section, "the court

---

[2] The parties submitted Notices of Supplemental Authority on the *Allied* decision. (*See* ECF 58; ECF 59.)
[3] On March 21, 2025, the Court of Appeals for the Third Circuit dismissed this appeal for failure to timely prosecute. (ECF 82.) However, the Fund's initial appeal is still pending. *See RTI Restoration Technologies Inc, et al. v. International Painters and Allied Trades Industry*, Docket No. 24-2874 (3d. Cir. Oct. 9, 2024).

3

may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451(e). "Section 1451 is a flexible provision, which allows an award to either prevailing plaintiffs or prevailing defendants and leaves the decision whether to grant an award to the discretion of the district court." *Dorn's Transp., Inc. v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity*, 799 F.2d 45, 47 (3d Cir. 1986). In the Third Circuit, prevailing employers in an MPPAA action are entitled to attorneys' fees "only if the Plan's assessment of withdrawal liability was frivolous, unreasonable or without foundation." *Id.* at 50 (citing *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).

In determining whether the case is frivolous or not, "courts should consider several factors including (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 297 n.6 (3d Cir. 2016) (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)). In addition, other factors courts may consider include "whether the question in issue was one of first impression requiring judicial resolution," and whether "the controversy is based sufficiently upon a real threat of injury to the plaintiff." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). These factors are, however, guideposts, not hard and fast rules. "Determinations regarding frivolity are to be made on a case-by-case basis." *L.B. Foster Co.*, 123 F.3d at 751 (quoting *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Additionally, in making this determination, district courts must avoid the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22.

4

### III.  ANALYSIS

The Fund argues that its position in this litigation was not frivolous, unreasonable, or without foundation and, as such, Plaintiffs are not entitled to attorneys' fees and costs. (Opp. at 7-12.) Specifically, the Fund argues that its conclusion that Plaintiffs were successors to CTC "was reasonable and well-founded, as evidenced by this Court's acknowledgment in the Opinion that the underlying claim involved several disputes of material fact." (Opp. at 8.) The Fund further argues that *Allied*, the 2024 case upon which this Court relied in its decision granting Plaintiffs' motion for summary judgment, represents a "recently-shifted legal landscape." (*Id.* at 12.) According to the Fund, between the Supreme Court's 1997 decision in *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192 (1997), and *Allied*, 107 F.4th 190, "courts had uniformly applied the two-prong laches analyses to claims of unreasonable delay under the MPPAA," rather than the statutory requirement relied upon by the Court (*Id.* at 10 (collecting cases); *see also* Sur-reply at 4-6.)

In response, Plaintiffs argue (a) that this Court has already determined that Plaintiffs are entitled to attorneys' fees[4] (Reply at 6-7), and (b) the Fund's claims were frivolous and unreasonable. (*Id.* at 7-12.) With respect to the latter argument, Plaintiffs contend that the Fund knew it was unreasonably delayed in making its withdrawal liability demand, emphasizing its position that the *Allied* decision "did not alter the law—it simply applied it." (*Id.* at 9.)

The Court agrees with the Fund that its position in this litigation was not frivolous, unreasonable, or without foundation. The Court's inquiry starts with whether the Fund established

---

[4] The Court rejects this argument outright. The Court granted "Plaintiffs['] request ***for leave to file*** a motion for attorneys' fees and costs." (Op. at 19) (emphasis added.) The Court did not previously determine that Plaintiffs are entitled to attorneys' fees and costs.

5

a *prima facie* case for Plaintiffs' withdrawal liability.[5] *Raab*, 833 F.3d at 297 n.6. For a fund to assert a withdrawal-liability claim, (1) the employer must withdraw from the plan; (2) the fund must, "as soon as practicable," provide notice to the employer of its withdrawal-liability assessment and demand payment from the employer; and (3) the employer must default on a payment "due and payable." *Allied*, 107 F.4th at 197 (first quoting *Bay Area*, 522 U.S. at 202, 29 U.S.C. § 1399(b)(1); and then citing 29 U.S.C. §§ 1381, 1383).

The question at hand relates to the second factor. As to the first two factors, the parties disputed at summary judgment whether Plaintiffs could be considered an "employer" such that they were liable for CTC's withdrawal from the Fund. (*See* Op. at 9-15.) This Court held that there were genuine issues of material fact as to whether Plaintiffs and CTC could be treated as a "single integrated enterprise" and whether they were successors to CTC. (*Id.* at 10-15.) For purposes of the instant motion, Plaintiffs do not argue that the Fund's position that Plaintiffs were contributing employers in the Fund was frivolous. (*See* Reply at 7-12.) Plaintiffs' focus is instead on the second factor, and in particular the Court's holding that the Fund did not make its withdrawal-liability assessment and demand "as soon as practicable." (*See id.*; Op. at 16-18.) Because the Fund was delayed in making its withdrawal-liability assessment and demand, Plaintiffs argue, the Fund's claim for withdrawal liability is frivolous, unreasonable, and without foundation. (*See* Reply at 7-12.) There are three reasons the Court disagrees.

First, although this Court concluded that the Fund's demand for withdrawal liability was unreasonably delayed under § 1399(b)(1), it was not beyond comprehension for the Fund to take the position that it met this requirement. As the Third Circuit explained in *Allied*, "[t]he 'as soon

---

[5] The other two factors are not at issue. Plaintiffs note that they offered to settle, which, aside from specifics about the nature of the settlement communications, the Fund does not dispute. (Reply at 8; Sur-reply at 7-8.) The case was dismissed at the summary judgment stage. *See Raab*, 833 F.3d at 297 n.6.

6

as practicable' deadline sets no rigid timeframe." *Allied*, 107 F.4th at 196. "Congress's 'adoption of a looser 'as soon as practicable' requirement for the initial determination of withdrawal liability bespeaks a deliberate legislative choice to afford some flexibility in gathering the information and performing the complex calculations necessary to make that assessment.'" *Id.* (quoting *Bay Area*, 522 U.S. at 205).

Here, because the statute sets no rigid timeframe for the "as soon as practicable" requirement, the Court reached its decision only after assessing the factual record presented at summary judgment. (*See* Op. at 16-18.) As we have previously recognized, "'[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success . . . [I]t is only the latter that permits defendants to recover attorney's fees.'" *Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F. Supp. 2d 683, 689 (D.N.J. 2002), *aff'd sub nom. Veneziano v. Long Island Pipe Fabrication & Supply*, 79 F. App'x 506 (3d Cir. 2003) (quoting *Khan v. Gallitano,* 180 F.3d 829, 837 (7th Cir. 1999)) (applying the standard set forth in *Christiansburg*, 434 U.S. 412, to an employer's motion for attorney's fees in a Title VII case.) At worst, the Fund's timeliness argument was "weak with little chance of success, rather than frivolous with no chance of success." *Id.* at 693 (citing *Khan*, 180 F.3d at 837).

Second, the parties dispute whether and to what extent *Allied* changed existing law; the Fund argues that pre-*Allied*, the statutory "as soon as practicable" requirement could be asserted by an employer as a laches objection at an arbitration contesting its withdrawal liability assessment. (Opp. at 9-10 (quoting *Bay* Area, 522 U.S. at 205).) The Fund maintains that it

7

believed Plaintiffs failed to establish the prejudice prong of their laches defense[6] and thus "properly believed that the laches defense could not withstand scrutiny." (Opp. at 11.) In response, Plaintiffs argue that the Fund's position was "contrary to decades of case-law," which *Allied* did not change. (Reply at 9 (collecting cases).) Setting aside the parties' different readings of *Allied*, Plaintiffs' argument is belied by the fact that, at summary judgment, Plaintiffs' challenge to the timeliness of the Fund's counterclaim rested solely on a laches defense. (*See* ECF 51 at 25-30.) Indeed, in Plaintiffs' opposition to the Fund's motion for summary judgment, Plaintiffs appear to conflate the § 1399(b)(1) "as soon as practicable" requirement with their laches defense. (*See id.* at 25-26.) The Court is therefore skeptical of Plaintiffs' argument that the state of the law before *Allied* was as obvious as they now assert it was. (*See* Reply at 9.)

Third, the Fund argues that it could not have reasonably anticipated the Court's application of *Allied* "to excuse Plaintiffs' failure to demand arbitration in accordance with 29 U.S.C. § 1401(a)." (Sur-reply at 5.) At summary judgment, the Fund argued that Plaintiffs' laches defense should have been submitted to arbitration and their failure to do so waived that defense. (*Id.* (citing ECF No. 50 at 16-18; ECF No. 53 at 15).) In the Fund's Notice of Supplemental Authority following the Third Circuit's decision in *Allied* (ECF 58), the Fund likewise argued that a defense pursuant to the "as soon as practicable" requirement under 29 U.S.C. § 1399(b)(1) should be raised through arbitration or is waived. (ECF 58 at 1-2.) Although this Court held at summary judgment that the Fund's demand was untimely pursuant to the "as soon as practicable" requirement under § 1399(b)(1), in light of the limited briefing on this topic at summary judgment, I cannot conclude

---

[6] A laches defense includes two elements: (1) inexcusable delay in bringing suit;" and (2) "material prejudice . . . as a result of the delay." *Joint Stock Soc'y v. UDV N.A., Inc.*, 266 F.3d 164, 185 n.12 (3d Cir. 2001) (citing *Pappan Enterp. v. Hardee's Food Sys.*, 143 F.3d 800, 804 (3d Cir. 1998)).

that the Fund's argument regarding the potential waiver of Plaintiffs' timeliness defenses was frivolous, unreasonable, or without foundation.[7]

Finally, attorneys' fees cannot be automatically awarded simply because the Fund's counterclaim was dismissed at summary judgment. *Cf. Green v. Port Auth. of New York & New Jersey*, No. 07-3910, 2010 WL 2989990, at *4 (D.N.J. July 26, 2010) (denying employer's motion for attorney's fees in Title VII case). A contrary decision would "subject every plaintiff who lost on summary judgment to a probable fee award against him or her, exactly the menace that legal authority and the statutory scheme provide against." *Id.* Based on the foregoing factors discussed *supra*, although the case did not reach trial, the Court still concludes that the Fund's position was not "wholly without foundation or frivolous" under *Christiansburg*.[8] *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for attorney's fees and costs (ECF 71). An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     James B. Clark, U.S.M.J.
        Parties

---

[7] The issue of whether Plaintiffs' timeliness defenses, including both laches and the statutory "as soon as practicable" requirement, were subject to mandatory arbitration is the subject of the Fund's currently pending appeal of the Summary Judgment Opinion and Order (ECF 60; ECF 61) to the Third Circuit. *See RTI Restoration Technologies Inc, et al v. International Painters and Allied Trades Industry*, Docket No. 24-2874 (3d. Cir. Oct. 9, 2024).

[8] Because the Court finds that Plaintiffs are not entitled to attorneys' fees, it does not address the Fund's alternative argument that any order awarding fees and costs should be stayed pending resolution of the appeal. (*See supra* n.7; Opp. at 13-15.) The Court has properly considered Plaintiffs' Motion because "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Lugus IP, LLC v. Volvo Car Corp.*, No. 12-2906, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015) (quoting *Devcon Int'l Corp. v. Reliance Ins. Co.*, No. 2001–201, 2008 WL 219968, at *1 (D.V.I. Jan. 2, 2008)).